No. 12842

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

_____

STATE OF MONTANA ex rel.
ROBIN HATCH,

              Plaintiff and Relator,

    -vs-

FRANK MURRAY, Secretary of State
of the State of Montana,

              Defendant and Respondent.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

    For Appellant:

        Cannon and Garrity, Helena, Montana
        Donald Garrity argued, Helena, Montana
        James W. Zion argued, Great Falls, Montana
        Emily Loring appeared, Great Falls, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
         Montana
        J. Michael Young, Assistant Attorney General, argued,
         Helena, Montana
        Thomas A. Budewitz, Assistant Attorney General, appeared,
         Helena, Montana

_____

              Submitted: August 30, 1974

              Decided: SEP 16 1974

Filed: SEP 16 1974

_Thomas J. Kearney_
                        Clerk

PER CURIAM:

Prior to August 23, 1974, there were filed in the office of Secretary of State Frank Murray approximately 16,880 signatures on referendum petitions requesting House Resolution No. 4, entitled "A JOINT RESOLUTION OF THE SENATE AND THE HOUSE OF REPRESENTATIVES OF THE STATE OF MONTANA RATIFYING THE PROPOSED AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES RELATING TO EQUAL RIGHTS ON ACCOUNT OF SEX", passed by the second regular session of the 43rd legislative assembly of the State of Montana, be referred to the people of the state for their approval or rejection at the general election scheduled for November 5, 1974. On August 23, 1974, Murray duly notified Governor Thomas Judge that the requisite number of 15,980 qulaified electors had signed these petitions and that the referendum on House Resolution No. 4 would be placed on the November 5 ballot as Referendum No. 69.

Thereafter Robin Hatch, a citizen and resident of the State of Montana brought this original proceeding seeking an injunction from this Court permanently restraining and enjoining Murray from taking any action to submit Referendum No. 69 to the Montana voters at the general election.

Because of the very short time left for Murray to properly submit Referendum No. 69 on the election ballot, an immediate hearing on the matter was arranged. After considering briefs and listening to oral arguments, this Court on August 30, 1974, issued an Order restraining and enjoining Murray from placing Referendum No. 69 upon the ballot for the November 5, 1974, general election. The purpose of the following opinion is to give that Order the explanation it deserves.

Questions concerning Hatch's standing to bring this action and the power of the Court to exercise jurisdiction over it were not pressed by Murray in order that the merits of the controversy

- 2 -

could be timely reached.

The only issue is whether a joint resolution of the Montana legislature ratifying a proposed amendment to the United States Constitution may be referred to the people.

Our Order of August 30, 1974, was mandated by the case of Hawke v. Smith, 253 U.S. 221, 64 L.Ed. 871, 40 S.Ct. 495, which is strikingly similar to and dispositve of the present controversy. In Hawke, the Ohio legislature adopted a joint resolution ratifying the proposed Eighteenth Amendment to the United States Constitution. The Ohio Constitution specifically provided that ratification by the Ohio legislature of proposed amendments to the federal constitution was subject to referendum. A referendum was called for under this provision and the plaintiff sued in the Ohio State courts to enjoin the Ohio secretary of state from spending public money in printing ballots for submission of the referendum to the voters. The Ohio Supreme Court held that the referendum was proper.

This decision was reversed by the United States Supreme Court which found the disputed Ohio constitutional provision to be in direct conflict with Article V of the United States Constitution and therefore void. Article V provides:

> "The congress, whenever two-thirds of both houses shall deem it necessary, shall propose amendments to this constitution, or, on the application of the legislatures of two-thirds of the several states, shall call a convention for proposing amendments, which, in either case, shall be valid to all intents and purposes, as part of this constitution, when ratified by the legislatures of three-fourths of the several states, or by conventions in three-fourths thereof, as the one or the other mode of ratification may be proposed by the congress * * *."

The Court stated, at 253 U.S. 227, that:

> "The Fifth Article is a grant of authority by the people to Congress. The determination of the method of ratification is the exercise of a national power specifically granted by the Constitution; that power is conferred upon Congress, and is limited to two methods: by action of the

legislatures of three fourths of the states,
or conventions in like number of states.
Dodge v. Woolsey, 18 How. 331, 348, 15 L.Ed
401, 407. The framers of the Constitution
might have adopted a different method.
Ratification might have been left to a vote
of the people, or to some authority of gov-
ernment other than that selected. The
language of the article is plain, and admits
of no doubt in its interpretation. It is
not the function of courts or legislative
bodies, national or state, to alter the
method which the Constitution has fixed."

The Court further stated at 253 U.S. 230:

"It is true that the power to legislate in the
enactment of the laws of a state is derived
from the people of the state. But the power to
ratify a proposed amendment to the Federal
Constitution has its source in the Federal
Constitution. The act of ratification by the
state derives its authority from the Federal
Constitution to which the state and its people
have alike assented."

Hawke was reaffirmed in the same term in the National

Prohibition Cases, 253 U.S. 350, 386, 64 L.Ed. 946, 40 S.Ct. 486:

"The referendum provisions of state consti-
tutions and statutes cannot be applied,
consistently with the Constitution of the
United States, in the ratification or rejec-
tion of amendments to it."

Ever since Hawke it has been clear that a state may not

subject ratification by its legislature of a proposed amendment

to the federal constitution to referendum nor may it otherwise

limit its legislature in the exercise of its federal function

of ratifying such amendments. See, for example, Lesser v. Garnett,

258 U.S. 130, 66 L.Ed. 505, 42 S.Ct. 217, which struck down

constitutional provisions of several states denying their legis-

latures power to ratify a women's amendment, and Trombetta v.

State of Florida, 353 F.Supp. 575 (1973), which voided a section

of the Florida Constitution prohibiting legislative action on any

proposed amendment to the United States Constitution, unless a

majority of the legislature had been elected after the proposed

amendment had been submitted for ratification.

Submission of Referendum No. 69 to the Montana voters would therefore have been a useless act, since the voters cannot constitutionally compel the legislature to rescind its ratification of the proposed Equal Rights Amendment.

Mary Doubek, individually and for all members of a class known as Montana Citizens to Rescind E.R.A. has petitioned this Court for a rehearing and for permission to intervene as a party in this action and has also filed a complaint in intervention.

The thrust of all these documents is to ask this Court to rule contrary to opinions of the United States Supreme Court. Whether she or the office of the Attorney General of Montana ask for that relief is immaterial, this Court is bound by the United States Supreme Court decisions and must follow them.

The application for a rehearing is therefore denied, the petition to be allowed to intervene is likewise denied, and the complaint in intervention is ordered stricken.

In this cause:

Hon. LeRoy L. McKinnon, District Judge, sat for Mr. Justice Frank Haswell.

Hon. Alfred B. Coate, District Judge, sat for Mr. Justice Gene B. Daly.

Hon. E. Gardner Brownlee, District Judge, sat for Mr. Justice Wesley Castles.